# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | AUG 23 2010 |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5255 | **DATE** | AUG 2 3 2010 |
| **CASE TITLE** | - | Andre Kelly (#N-23078) vs. Mark Hosey, et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 2/20/2010 through 8/20/2010. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition along with a copy of this order. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]                                                  Docketing to mail notices.

## STATEMENT

Plaintiff has filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that the Defendants were deliberately indifferent to his serious medical conditions at Stateville Correctional Center. Plaintiff has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis*.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(d)(4) even though it was not submitted in compliance with the rules of this Court. N.D. Ill. Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis*, using the Court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff's trust fund statement contains less than two months of information, and he has submitted no certification from an authorized trust fund officer.

If Plaintiff wants to proceed with his complaint, he must file a new motion for leave to file *in forma pauperis* on the Court's form and have an authorized official provide information regarding Plaintiff's trust fund account, including a copy of his trust fund account. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).
(CONTINUED)

AWL

| STATEMENT |
|---|

Effective April 26, 1996, the PLRA significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed.** The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A) the average monthly deposits in the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, **Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

Accordingly, the Court denies Plaintiff's motion for leave to file *in forma pauperis* without prejudice to reconsideration should he renew his motion in compliance with this order within 30 days of the date of this order. Plaintiff must submit his i.f.p. petition timely certified by a trust fund officer and include copies of his trust fund account from 2/20/2010 through 8/20/2010. If Plaintiff takes no action by that date, the Court will dismiss this action without prejudice.